MANUEL RAMÍREZ SANTOS, demandante y apelante, *v.* José DUMONT, demandado y apelado.

No. 5033.—*Sometido:* Febrero 19, 1930. *Resuelto:* Julio 15, 1930.

*José C. Rivera,* abogado del apelante; *Harry B. Llenza,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Manuel Ramírez Santos inició este pleito a fin de que la Corte de Distrito de San Juan ordenara al demandado José Dumont, sus empleados, familiares, y agentes, que se abstuvieran y cesaran de perturbarlo en la posesión material de una parcela de terreno de forma triangular de 16 metros de frente y noventa metros por sus otros lados, que más detalladamente se describe en la demanda y que forma parte de cierta finca rústica perteneciente al demandante.

Contestó el demandado negando que la parcela formara

parte de la finca del demandante y alegando en contrario que forma parte de la suya y que la ha venido poseyendo y la posee quieta y pacíficamente desde que la compró en 17 de julio de 1926.

Trabada así la contienda, fué el pleito a juicio. Declararon testigos de una y otra parte en forma contradictoria. Practicó el juez una inspección ocular que influyó, al parecer, decisivamente en su fallo, favorable al demandado.

No conforme el demandante, apeló. Señala dos errores cometidos a su juicio por la corte "al deducir que no ha habido perturbación en la tenencia de la parcela objeto de este litigio," y "al concluir que se trata en este caso de una mera contienda entre colindantes." La discusión de ambos errores abarca el análisis de la prueba practicada. Al hacerlo el apelante y al comparar su criterio con el juicio de la corte sentenciadora, emplea una forma tan innecesariamente irrespetuosa para con la corte, sobre todo incluyendo como incluye en su argumentación hechos que no constan en el récord, que nos ha parecido justo llamar la atención sobre ello para censurar la conducta del letrado.

Examinada la prueba de la parte demandante encontramos que la declaración del propio demandante es confusa y deja en lo incierto el tiempo en que la cerca se corriera. Más precisas son las declaraciones de Ramón Fernández y José Pérez. Ellas presentan en verdad un caso *prima facie* favorable al demandante. Pero el demandado también aportó prueba y prescindiendo de su propia declaración que como la del demandante es confusa, las declaraciones de sus testigos Frank Becerra y Emilio Acosta presentan de igual modo un caso *prima facie* a su favor. Y así, según la prueba del demandante, éste se encontraba en la posesión material de la parcela y lo había estado durante más de un año antes de la construcción de la cerca por el demandado que lo perturbó en dicha posesión, y, según la prueba del demandado, éste

ha venido siempre en posesión de la parcela desde que compró la finca de que forma parte en 1926 y lo que hizo en cuanto a la cerca fué repararla en el mismo sitio en que estaba y no construirla de nuevo en otro invadiendo la propiedad y perturbando la posesión del demandante.

La prueba es, pues, contradictoria y al apreciarla el juez inclinó la balanza en pro del demandado a virtud del peso que en su conciencia tuvo el resultado de la inspección ocular que practicara. Nada demuestra que actuara movido por pasión, prejuicio o parcialidad. No aparece que se cometiera error manifiesto. *Debe, en su consecuencia, confirmarse la sentencia apelada.*